1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8                   FOR THE DISTRICT OF ARIZONA

9    GILES CONSTRUCTION, INC.,          )
                                        )
10          Plaintiff,                  )
                                        )
11   vs.                                )      No. CIV 04-258-TUC-CKJ
                                        )
12   COMMERCIAL FEDERAL BANK,           )      **ORDER**
                                        )
13          Defendants.                 )
     _____)

14

15          On August 3, 2006, Magistrate Judge Jennifer C. Guerin issued a Report and

16   Recommendation [Doc. # 42] in which she recommended Defendant's Motion for Summary

17   Judgment [Doc. # 28] be granted on all of Plaintiff's claims and Defendant's request for an

18   award of attorneys' fees be denied.  Defendant Commercial Federal Bank, Inc. ("CFB") has

19   filed an objection to the Report and Recommendation asserting that it is the prevailing party

20   in this matter and it is entitled to an award of attorneys' fees for expenses incurred in proving

21   the absence of a contract and because Plaintiff Giles Construction, Inc. ("Giles")

22   acknowledged in the Complaint that an award of attorneys' fees to the successful party would

23   be appropriate.  Giles asserts, however, that CFB prevailed on the four tort claims and that

24   there was never a breach of contract claim alleged by Giles.  Neither party has filed any

25   objections to the remaining issues.

26          The Court is to make a *de novo* review of those issues to which objection is made.

27   28 U.S.C. § 636(b)(1).  As to those issues to which no objections are filed, the Court is to

28   review the findings and recommendations for clear error.  *McDonnell Douglas Corp. v.*

1   *Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  The parties have not

2   objected to the magistrate judge's determinations of the issues presented in the Motion for

3   Summary Judgment.  The Court has reviewed those issues and finds they were correctly

4   decided by the magistrate judge.

5         CFB has objected, however, to the magistrate judge's determinations as to an award

6   of attorney's fees.  The Court will review this issue *de novo*.  "A party is entitled to an award

7   of its attorney's fees under A.R.S. § 12-341.01 if judgment in its favor is based upon the

8   absence of the contract sued upon by the adverse party."  *Lacer v. Navajo County*, 141 Ariz.

9   392, 394, 687 P.2d 400, 402 (App. 1984).  Indeed,  an award of attorney's fees is not

10  precluded merely because two legal theories are intertwined "'as long as the cause of action

11  in tort could not exist *but for* the breach of the contract.'"  *In Re Larry's Apartment, L.L.C.*,

12  249 F.3d 839, 836 (9th Cir. 2001), *quoting Sparks v. Republic National Life Insurance Co.*,

13  132 Ariz. 529, 543, 647 P.2d 1127, 1141 (1982) (en banc); *see also White v. Arizona*

14  *Property and Casualty Insurance Guaranty Fund*, 190 Ariz. 526, 950 P.2d 1147 (1997).  An

15  award is not appropriate, however, where the contract is "merely somewhere in the factual

16  background."  *Larry's Apartment*, 249 F.3d at 836.

17        In this case, Giles' tort claims were not reliant on a breach of contract.  Giles'

18  allegations against CFB could have existed whether or Giles and the medical facility had

19  contracted for the construction work.  Further, the allegations against CFB do not involve a

20  contractual relationship between Giles and CFB.  Lastly, Giles' own assertion in the

21  Complaint that the successful party is entitled to an award of attorney's fees does not require

22  a determination that an award is appropriate.  Rather, just as the Court is to determine

23  whether a complaint states a cause of action or whether there is an absence of a genuine issue

24  of material fact and that judgment as a matter of law should be granted, it is the Court that

25  determines whether a party is entitled to an award of attorney's fees.  The Court finds the

26  contractual relationships were peripheral to the claims and an award of attorney's fees is not

27  appropriate.

28        After an independent review, IT IS ORDERED:

1   1.   The Report and Recommendation [Doc. # 42] is ADOPTED;

2   2.   Defendant's Motion for Summary Judgment [Doc. # 28] is GRANTED;

3   3.   Summary judgment in favor of Defendant is GRANTED;

4   4.   The request for an award of attorney's fees is DENIED, and;

5   5.   The Clerk of the Court shall enter judgment accordingly and shall then close

6       its file in this matter.

7   DATED this 21st day of September, 2006.

8

9

10

11   _____
     Cindy K. Jorgenson
     United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28